IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| Tianna Soliday,<br><br>　　　　Plaintiff,<br>v.<br><br>TAH Pizza, Inc. d/b/a Domino's Pizza, Be Hurd, Inc., d/b/a Domino's Pizza, Tim Hurd, Doe Corp. 1-10,<br><br>　　　　Defendants. | Judge:<br><br>Jury Demand Endorsed Hereon |

## COMPLAINT

### I. Introduction

1. Tianna Soliday, brings this action against Defendants TAH Pizza Inc. d/b/a Domino's Pizza (hereinafter "TAH Pizza, Inc."), Be Hurd, Inc. d/b/a Domino's Pizza (hereinafter "Be Hurd, Inc."), Tim Hurd, and Doe Corporations 1-10, (collectively, "Defendants"). Plaintiff seeks appropriate monetary, declaratory, and equitable relief based on Defendants' willful failure to compensate Plaintiff as required by the Fair Labor Standards Act ("FLSA").

2. Defendants operate the store where Plaintiff worked in Johnson City, Tennessee.

3. Defendants repeatedly and willfully violated the Fair Labor Standards Act by failing to adequately reimburse Plaintiff for her delivery-related expenses, thereby failing to pay her the legally mandated minimum wages for all hours worked.

1

4. Plaintiff brings this action on behalf of herself pursuant to FLSA, 29 U.S.C. § 216(b) to remedy violations of the FLSA wage and hour provisions by Defendants, and pursuant to Tennessee state law to remedy unjust enrichment.

## II. Jurisdiction and Venue

5. Under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), this Court has jurisdiction over Plaintiff's FLSA claims.

6. Under the doctrine of supplemental jurisdiction, this Court has jurisdiction over Plaintiff's state law claims pursuant to 29 U.S.C. § 1367.

7. Venue in this Court is proper under 28 U.S.C. § 1391(b) because the parties reside in this district and a substantial part of the events giving rise to the claim herein occurred in this district.

## III. Parties

**Plaintiff**

8. Plaintiff Tianna Soliday resides in Johnson City, Tennessee. Further, at all times material herein, Plaintiff worked within the boundaries of the Eastern District of Tennessee.

9. Plaintiff was an "employee" of all of the Defendants as defined in the FLSA.

10. Plaintiff has given written consent to join this action.

**Defendants**

11. Defendants have jointly employed Plaintiff at all times relevant.

12. Each of the Defendants had substantial control over Plaintiff's working conditions, and over the unlawful policies and practices alleged herein.

13. Defendants are part of a single integrated enterprise.

14. At all relevant times, the stores shared common management and were centrally controlled and/or owned by TAH Pizza, Inc., Be Hurd, Inc. and Tim Hurd.

15. At all relevant times, all Defendants maintained control over labor relations at the TAH Pizza, Inc. and Be Hurd, Inc. Domino's stores.

16. During all relevant times, Defendants permitted employees to transfer or be shared by and between the stores without retraining.

17. Defendants share or co-determine those matters governing the essential terms and conditions of employment for Plaintiff at the TAH Pizza, Inc. and Be Hurd, Inc. Domino's stores.

18. Defendants suffer or permit Plaintiff to work.

19. Defendants have direct or indirect control of the terms and conditions of Plaintiff's work, and also exercise that authority.

20. During all relevant times, Defendants also exercised operational control over Plaintiff at the TAH Pizza, Inc. and Be Hurd, Inc. Domino's stores, including, but not limited to, control over recruiting and training of Plaintiff, compensation of Plaintiff, job duties of Plaintiff, reimbursements to Plaintiff, recruiting and training managers, design and layout of the stores, sales and marketing programs, public relations programs, promotional services, appearance and conduct standards, inventory, and inventory controls.

**TAH Pizza, Inc.**

21. Defendant TAH Pizza, Inc. is a Tennessee corporation with its principal place of business in Kingsport, Tennessee.

22. Tim Hurd is the owner and operator of TAH Pizza, Inc.

23. TAH Pizza, Inc. owns and operates the Domino's store in Johnson City, Tennessee.

24. TAH Pizza, Inc. operates out of its headquarters at 4036 Lakeland Drive, Kingsport, Tennessee.

25. TAH Pizza, Inc. has substantial control over Plaintiff's working conditions, and over the unlawful policies and practices alleged herein.

26. TAH Pizza, Inc. has direct or indirect control of the terms and conditions of Plaintiff's work.

27. At all relevant times, TAH Pizza, Inc. maintained control, oversight, and direction over Plaintiff, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, reimbursements, pay rates, deductions, and other practices.

28. TAH Pizza, Inc. is an "employer" of Plaintiff as that term is defined by the FLSA.

29. At all relevant times, TAH Pizza, Inc. has been and continues to be an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

30. TAH Pizza Inc.'s gross revenue exceeds $500,000 per year.

**Be Hurd, Inc.**

31. Defendant Be Hurd, Inc. is a Tennessee corporation with its principal place of business in Kingsport, Tennessee.

32. Tim Hurd is the owner and operator of Be Hurd, Inc.

33. Be Hurd, Inc. is the corporate entity that appears on Plaintiff's paystubs for work she completed for Defendants.

34. Be Hurd, Inc. operates out of its headquarters at 4036 Lakeland Drive, Kingsport, Tennessee.

35. Be Hurd, Inc. has substantial control over Plaintiff's working conditions, and over the unlawful policies and practices alleged herein.

36. Be Hurd, Inc. has direct or indirect control of the terms and conditions of Plaintiff's work.

37. At all relevant times, Be Hurd, Inc. maintained control, oversight, and direction over Plaintiff, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, reimbursements, pay rates, deductions, and other practices.

38. Be Hurd, Inc. is an "employer" of Plaintiff as that term is defined by the FLSA.

39. At all relevant times, Be Hurd, Inc. has been and continues to be an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

40. Be Hurd, Inc.'s gross revenue exceeds $500,000 per year.

**Tim Hurd**

41. Defendant Tim Hurd is the owner, president and operator of TAH Pizza, Inc. and Be Hurd, Inc. since their inception.

42. Tim Hurd is individually liable to Plaintiff under the definitions of "employer" set forth in the FLSA because he owns and operates TAH Pizza, Inc. and Be Hurd, Inc. Domino's stores, serves as the owner, president and manager of TAH Pizza, Inc. and Be Hurd, Inc. Domino's stores, ultimately controls significant aspects of TAH Pizza, Inc. and Be Hurd, Inc.'s

Domino's stores day-to-day functions, and ultimately controls compensation and reimbursement of employees. 29 U.S.C. § 203(d).

43. At all relevant times, by virtue of his role as owner, president and operator of TAH Pizza, Inc. and Be Hurd, Inc. Domino's stores, Tim Hurd has had financial control over the operations at each of the TAH Pizza, Inc. and Be Hurd, Inc. Domino's stores.

44. At all relevant times, by virtue of his role as owner, president and operator of TAH Pizza, Inc. and Be Hurd, Inc. Domino's stores, Tim Hurd has had a role in significant aspects of the TAH Pizza, Inc. and Be Hurd, Inc. Domino's stores day to day operations.

45. At all relevant times, by virtue of his role as owner, president and operator of TAH Pizza, Inc. and Be Hurd, Inc. Domino's stores, Tim Hurd has had control over TAH Pizza, Inc. and Be Hurd, Inc. Domino's stores' pay policies.

46. At all relevant times, by virtue of his role as owner, president and operator of TAH Pizza, Inc. and Be Hurd, Inc. Domino's stores, Tim Hurd has had power over personnel and payroll decisions at the TAH Pizza, Inc. and Be Hurd, Inc. Domino's stores, including but not limited to influence of delivery driver pay.

47. At all relevant times, by virtue of his role as owner, president and operator of TAH Pizza, Inc. and Be Hurd, Inc. Domino's stores, Tim Hurd has had the power to hire, fire and discipline employees, including Plaintiff.

48. At all relevant times, by virtue of his role as owner, president and operator of TAH Pizza, Inc. and Be Hurd, Inc. Tim Hurd has had the power to stop any illegal pay practices that harmed Plaintiff.

49. At all relevant times, by virtue of his role as owner, president and operator of TAH Pizza, Inc. and Be Hurd, Inc. Tim Hurd has had the power to transfer the assets and liabilities of TAH Pizza, Inc. and Be Hurd, Inc.

50. At all relevant times, by virtue of his role as owner, president and operator of TAH Pizza, Inc. and Be Hurd, Inc., Tim Hurd has had the power to declare bankruptcy on behalf of TAH Pizza, Inc. and Be Hurd, Inc.

51. At all relevant times, by virtue of his role as owner, president and operator of TAH Pizza, Inc. and Be Hurd, Inc., Tim Hurd has had the power to enter into contracts on behalf of each of the TAH Pizza, Inc. and Be Hurd, Inc. Domino's stores.

52. At all relevant times, by virtue of his role as owner, president and operator of TAH Pizza, Inc. and Be Hurd, Inc., Tim Hurd has had the power to close, shut down, and/or sell each of the TAH Pizza, Inc. and Be Hurd, Inc. Domino's stores.

53. At all relevant times, by virtue of his role as owner, president and operator of TAH Pizza, Inc. and Be Hurd, Inc., Tim Hurd has had the authority and control over the overall direction of each of TAH Pizza, Inc. and Be Hurd, Inc. Domino's stores and was ultimately responsible for their operations.

54. The TAH Pizza, Inc. and Be Hurd, Inc. Domino's stores function for Tim Hurd's profit.

55. Tim Hurd has influence over how the TAH Pizza, Inc. and Be Hurd, Inc. Domino's stores can run more profitably and efficiently.

**Doe Corporation 1-10**

56. Upon information and belief, Defendants own and operate other corporate entities and/or limited liability companies that also qualify as Plaintiff's "employer" under the FLSA.

57. The identities of these additional Defendants should be revealed as discovery progresses and can be named at that time.

## IV. Facts

### Plaintiff's Individual Factual Allegations

58. Plaintiff worked at a TAH Pizza, Inc. and Be Hurd, Inc. Domino's store from approximately April 2018 until August 2019 as a delivery driver in Johnson City, Tennessee.

59. Plaintiff worked or covered shifts at the Johnson City Domino's store, and was subject to the same compensation and reimbursement policies described herein.

60. Plaintiff was paid at or slightly above minimum wage for hours worked inside.

61. Plaintiff was tipped a wage of $4.75 per hour while making deliveries on Defendants' behalf.

62. Plaintiff delivered pizza and other food items to Defendants' customers' homes and businesses.

63. When she was not making deliveries, Plaintiff worked inside the store, completing tasks such as checking out carryout customers, cutting pizza, folding pizza boxes, cleaning up around the store, and taking care of other general tasks for the operation of the store.

64. Plaintiff was reimbursed a flat rate of $1.35 per delivery. Once she became a store manager she was received a raise to $8.00 but was no longer reimbursed for deliveries.

65. Plaintiff was required to maintain and pay for operable, safe, and legally compliant automobiles to use in delivering Defendants' pizza and other food items.

66. Plaintiff was required to incur and/or pay job-related expenses, including but not limited to automobile costs and depreciation, gasoline expenses, automobile maintenance and parts, financing, insurance, cell phone service, GPS service, and other equipment necessary for Plaintiff to complete her job duties.

67. Plaintiff purchased gasoline, vehicle parts and fluids, automobile repair and maintenance services, automobile financing, automobile insurance, suffered automobile depreciation, and incur cell phone and data charges all for the primary benefit of Defendants.

68. Defendants did not track the actual expenses incurred by Plaintiff.

69. Defendants did not reimburse Plaintiff based on her actual delivery-related expenses.

70. Plaintiff was not reimbursed at the IRS standard mileage rate for the miles she drove while completing deliveries.

71. During Plaintiff's employment with Defendants, Defendants failed to adequately reimburse Plaintiff for automobile and other job-related expenses.

72. Plaintiff regularly makes approximately 3 deliveries per hour during the hours she works as a delivery driver.

73. Plaintiff regularly drove approximately 5 miles round trip per delivery.

74. When reimbursed on a per mile basis, Defendants' effective reimbursement rate for Plaintiff was $.27 per mile ($1.35/5 miles).

75. In 2018, for example, the IRS business mileage reimbursement was $.545 per mile, which reasonably approximated the automobile expenses incurred delivering pizzas.

9

Case 2:20-cv-00081-JRG-CRW   Document 1   Filed 04/17/20   Page 9 of 13   PageID #: 9

http://www.irs.gov/Tax-Professionals/Standard-Mileage-Rates. Thus in 2018, every mile driven on the job decreased her net wages by approximately $.275 per mile.

76. Thus, while making deliveries, Plaintiff consistently "kicked back" to Defendants approximately $1.38 per delivery ($.275 x 5 miles per delivery). Because Plaintiff averaged 3 deliveries per hour, she "kicked back" approximately $4.14 to Defendants for every hour she worked.

77. As a result of unreimbursed automobile expenses and other job-related expenses, Defendants have failed to pay Plaintiff minimum wage as required by law.

V. Cause of Action

### Count 1
### Failure to Pay Minimum Wages - Fair Labor Standards Act
### (On Behalf of Plaintiff)

78. Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

79. Plaintiff is a non-exempt, hourly employee entitled to receive no less than minimum wage for all hours worked.

80. Defendants paid Plaintiff at or close to minimum wage for all hours worked.

81. Defendants required and continue to require Plaintiff to pay for automobile expenses and other job-related expenses out of pocket, and failed to properly reimburse Plaintiff for said expenses.

82. By the acts and conduct described above, Defendants willfully violated the provisions of the FLSA and disregarded the rights of Plaintiff.

83. Plaintiff has been damaged by Defendants' willful failure to pay minimum wage as required by law.

84. As a result of Defendants' willful violations, Plaintiff is entitled to damages, including, but not limited to, unpaid wages, unreimbursed expenses, liquidated damages, costs, and attorneys' fees.

## Count 2
## Unjust Enrichment
## (On Behalf of Plaintiff)

85. Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

86. Plaintiff has conferred a benefit upon Defendants, namely, providing and maintaining "tools of the trade" for Defendants' benefit.

87. The "tools of the trade" include vehicles, insurance for those vehicles, and cellphones.

88. Defendants knew that Plaintiff conferred that benefit on Defendants.

89. As described above, Defendants, including Domino's, received benefits as a result of Plaintiff providing and maintaining "tools of the trade."

90. The benefits include, but are not limited to, direct and indirect financial benefits like increased profits, increased ability to compete on the price of Defendants' products, and increased attractiveness of Domino's franchise opportunities.

91. Defendants did not compensate or under-compensated Plaintiff for these benefits.

92. Accordingly, Defendants retention of these benefits under these circumstances would be unjust.

93. As a result of Defendants having been unjustly enriched, Plaintiff is entitled to compensation for the value of the benefit Plaintiff conferred on Defendants.

**WHEREFORE**, Plaintiff Tianna Soliday prays for the following relief:

A. Unpaid minimum wages, reimbursement of expenses, and an additional and equal amount as liquidated damages pursuant to the FLSA and supporting regulations.

B. An award of prejudgment and post-judgment interest.

C. An award of costs and expenses of this action, together with reasonable attorneys' fees and expert fees.

D. An award of the value of the benefits for which Defendants were unjustly enriched.

E. A jury to try this cause.

F. Such other legal and equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED this the 17th day of April, 2020.

**THE BURKHALTER LAW FIRM, P.C.**

s/D. Alexander Burkhalter, III
David A. Burkhalter II, TN BPR #004771
D. Alexander Burkhalter, III, TN BPR #033642
Zachary J. Burkhalter, TN BPR #035956
P.O. Box 2777
Knoxville, Tennessee 37901
Telephone: (865) 524-4974
Facsimile: (865) 524-0172
www.burkhalterlaw.com

and

*/s/Philip J. Krzeski*
Philip J. Krzeski (Ohio Bar # 0095713) (*pro hac vice forthcoming*)
Biller & Kimble, LLC
8044 Montgomery Road, Suite 515
Cincinnati, OH 45236
Telephone: (513) 715-8711

12

Facsimile: (614) 340-4620
*akimble@billerkimble.com*
*pkrzeski@billerkimble.com*

www.billerkimble.com

*Counsel for Plaintiff*